**Randy JONES, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 91–CA–000327–MR.**

Court of Appeals of Kentucky.

Oct. 9, 1992.

---

Jim M. Alexander, Lexington, for appellant.

Chris Gorman, Atty. Gen., Laura Early, Asst. Atty. Gen., Frankfort, for appellee.

Before LESTER, C.J., and JOHNSON and MILLER, JJ.

JOHNSON, Judge.

This is an appeal from a Harlan Circuit Court Order Denying Probation Pursuant to KRS 533.020(2). The circuit court, we believe, correctly held that KRS 533.020(2) concerning probation with an alternative sentence applies only "[w]hen a person who has been convicted ... is not sentenced to imprisonment...." Accordingly, we affirm.

Appellant, Randy Jones, on January 27, 1989, pled guilty to trafficking in Codeine, a Schedule III Controlled Substance, in violation of KRS 218A.090, 218A.140 and 218A.990.

On February 14, 1989, the Harlan Circuit Court entered a Judgment and Sentence on Plea of Guilty sentencing Jones to one year confinement in the penitentiary. On March 24, 1989, after having served 118 days in jail, the Harlan Circuit Court entered an Order Granting Shock Probation, and placed Jones on probation under various conditions including "[r]efrain from violating the law in any respect" and "[r]efrain from the use of alcoholic beverages." On October 27, 1990, Jones was arrested for driving a motor vehicle while under the influence of intoxicants (DUI) in violation of KRS 189A.010. The Commonwealth subsequently moved the court to revoke Jones' probation. In conjunction with the motion to revoke probation, Jones filed a Motion for Probation Pursuant to KRS 533.020(2). The circuit court denied Jones' motion for probation with an alternative sentence and indicated that it would grant the motion to revoke probation. This appeal followed.

KRS 533.010(2) requires that *"[b]efore* imposition of a sentence of imprisonment, the court shall consider the possibility of probation, probation with an alternative sentencing plan, or conditional discharge...." (Emphasis added.) Further, KRS 533.020(2) provides "[w]hen a person who has been convicted of an offense or who has entered a plea of guilty to an offense is *not* sentenced to imprisonment, the court may sentence him to probation with an alternative sentence...." (Emphasis added.) This statute became effective on July 13, 1990. While the statute was not even in existence at the time Jones was sentenced to one year confinement in the penitentiary, the trial court nonetheless is bound by the statute when considering any motion by Jones for an alternative sentence. By the clear wording of the statute, Jones was never eligible for probation with an alternative sentence. This sentencing option created by the Legislature to take effect July 13, 1990, required in very clear language that *before* imposition of a sentence of imprisonment the court shall consider probation with an alternative sentencing plan, and that when a defendant is *not* sentenced to imprisonment the court may sentence him to probation with an alternative sentence. Jones was sentenced to imprisonment for one year on February 14, 1989—the granting of shock probation did not change that fact. The trial court was entirely correct to conclude that upon sentencing Jones to imprisonment it lost jurisdiction to sentence him to probation with an alternative sentence. The Legislature clearly precluded the court

from having this option. Accordingly, we affirm the circuit court.

MILLER, J., concurs.

LESTER, J., concurs in result only.